IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

FIREMAN'S FUND INSURANCE COMPANY
MEDICAL LIABILITY MUTUAL INSURANCE COMPANY F/K/A
HEALTHCARE UNDERWRITERS MUTUAL INSURANCE
COMPANY                                                                                                   PLAINTIFFS

VS.                          CASE NO. 2:06CV00141 JMM

EVERGREENE PROPERTIES OF
NORTH CAROLINA, L.L.C.                                                                          DEFENDANT

*ORDER*

Pending before the Court is plaintiffs' Motion for Summary Judgment on the Counterclaim of Defendant Evergreene Properties of North Carolina, LLC ("Evergreene"), and defendant's response. For the reasons stated below, the motion is granted (#35).

I. *Facts*

Medical Liability Mutual Insurance Company ("MLMIC") as successor to Fireman's Fund Insurance Company issued to Evergreene two insurance policies ("the contracts") for liability in the operations of a nursing home with the effective dates of January 15, 2000 to January 15, 2001

On May 27, 2003, Marty Fussell, as administrator of the Estate of Marshall Ford Fussell, filed suit against Evergreene in the Circuit Court of St. Francis County Arkansas, alleging negligence, breach of contract, and violations of the Arkansas Long Term Care Residents Rights Act (the "Nursing Home Lawsuit"). Pursuant to the contracts MLMIC assumed the defense in the Nursing Home Lawsuit. On March 15, 2205, MLMIC demanded that Evergreene contribute

1

to a settlement of the Nursing Home Lawsuit. Evergreene declined the demand and MLMIC, subsequently, fully funded a settlement of the case.

MLMIC now brings the above styled lawsuit against Evergreene for contribution, or reimbursement, of a portion of the settlement amount paid by MLMIC. Evergreene counter claims alleging that MLMIC"s breached the contracts and committed the tort of bad faith when it funded the settlement and then brought this case seeking contribution or reimbursement.

II. *Discussion*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986).

Based upon the standard as stated above, Court finds that (1) MLMIC did not breach the insurance contracts when they fully funded the settlement within the policy limits or filed this lawsuit; (2) MLMIC fulfilled the terms of the contract when it paid all defense costs and settled the underlying lawsuit within the policy limits; and (3) Evergreene failed to present evidence of bad faith. *See Fireman's Fund Insurance Company , Et Al., vs. Evergreene Properties of North Carolina, LLC,* Case. No. 2:05CV00072 (W.D. Ark.) (filing of lawsuit for reimbursement does not breach contract or result in bad faith) (citing *Aetna Casualty and Surety Co. vs. Broadway Arms Corp.*, 281 Ark.128, 664 S.W. 2d 463 (1984)).

III. *Conclusion*

The Motion for Summary Judgment on defendant's counterclaim is granted.

IT IS SO ORDERED this   16   day of March, 2007.

                                                James M. Moody
                                                United States District Judge