IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

FIREMAN'S FUND INSURANCE COMPANY
MEDICAL LIABILITY MUTUAL INSURANCE COMPANY F/K/A
HEALTHCARE UNDERWRITERS MUTUAL INSURANCE
COMPANY                                                                                        PLAINTIFFS

VS.                          CASE NO. 2:06CV00141 JMM

EVERGREENE PROPERTIES OF
NORTH CAROLINA, L.L.C.                                                              DEFENDANT

### ORDER

Pending before the Court is Defendant's motion for summary judgment. (Docket # 38). Plaintiffs have responded and Defendant has filed a reply. The Court will consider all pleadings filed, accordingly, Plaintiffs' motion to strike Defendant's reply is DENIED. (Docket # 59). For the reasons stated below, the motion for summary judgment is denied.

### Facts

Medical Liability Mutual Insurance Company ("MLMIC") as successor to Fireman's Fund Insurance Company issued to Evergreene two insurance policies ("Policies") for liability in the operations of a nursing home with the effective dates of January 15, 2000 to January 15, 2001

On March 18, 2003, Marty Fussell, as administrator of the Estate of Marshall Ford Fussell, filed suit against Evergreene in the Circuit Court of St. Francis County Arkansas, alleging negligence, breach of contract, and violations of the Arkansas Long Term Care Residents Rights Act (the "Nursing Home Lawsuit"). Mr. Fussell's residence at Crestpark

Retirement Inn of Forrest City ("Crestpark") began on or about March 12, 1991 and ended on or about October 20, 2001. Therefore, as to Mr. Fussell's residence at Crestpark, coverage was in effect under the Policies from January 15, 2000 to January 15, 2001.

From January 15, 2001 to January 15, 2002, Defendant had in effect a policy issued by Lexington Insurance Company, however, Lexington denied coverage for this Nursing Home Suit pursuant to the claims-made coverage provision of its policy and Defendant did not dispute the denial of coverage.

Pursuant to the policies MLMIC assumed the defense in the Nursing Home Lawsuit. Evergreene maintained in discussions that it would not contribute to any settlement. On March 15, 2005, MLMIC made a written demand on Evergreene to contribute to a proposed settlement of the Nursing Home Lawsuit. Evergreene declined the demand and MLMIC subsequently fully funded a settlement of the case.

MLMIC now brings the above styled lawsuit against Evergreene for contribution, or reimbursement, of a portion of the settlement amount paid by MLMIC. Defendant claims that it is entitled to judgment as a matter of law.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact because
> they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

Defendant claims that the terms and conditions of the policies preclude recovery by Plaintiffs' first because the settlement was paid voluntarily and Evergreen was not legally obligated to pay any damages to the Estate of Marshall Ford Fussell and second because the policies do not provide an obligation on Defendant's part to pay a settlement covered under the policy. The Court finds that the settlement of the underlying Nursing Home Suit was not

"voluntary" because Plaintiffs "faced a tremendous amount of exposure in the event the matter went to trial." *Jean-Pierre, M.D. v. Plantation Homes*, 350 Ark. 569, 89 S.W.3d 337 (2002) citing *Carpetland of Northwest Arkansas, Inc. v. Howard*, 304 Ark. 420, 803 S.W.2d 512 (1991)( wherein the Court held that compulsion to pay is not confined to a judgment or court order. The Court stated: A person legally liable for damages who is entitled to indemnity may settle the claim and recover over against the indemnitor, even though he has not been compelled by judgment to pay the loss. . . . Such recovery is subject to proof of liability and the reasonableness of the amount of the settlement. "). *See also, Emcasco Ins. Co. v. State Auto Property and Casualty Ins. Co.*, 1999 WL 54784 (Ct. App. 1999) ( holding that an insurance company may seek contribution following a settlement because " [the company] had an interest to protect, and cannot be said to have voluntarily paid [the underlying plaintiff] since it had an obligation to pay.").

      Defendant contends that the policy contains no language obligating it to contribute to any settlement. However, the policies state that a claim is covered "only when . . . the providing or failing to provide professional services occures (sic) during the policy period shown on the Declarations." (Ex. 1 to Defendant's motion for summary judgment, p. 4). The undisputed policy period was January 15, 2000 to January 15, 2001. Mr. Fussell's residence at Crestpark began on or about March 12, 1991 and ended on or about October 20, 2001. Therefore, as to Mr. Fussell's residence at Crestpark, coverage was in effect under the Policies from January 15, 2000 to January 15, 2001. To the extent injuries occurred due to the professional services provided outside this policy period, no coverage existed. Therefore, Plaintiff is liable for that portion of the settlement, if any, attributable to those injuries suffered by Mr. Fussell from January 15, 2000

to January 15, 2001 and Defendant is liable for the part of the settlement, if any, reflecting payment for the injuries suffered thereafter. *MedMarc Casualty Ins. Co. v. Forest Healthcare, Inc.*, 359 Ark. 495, 199 S.W. 3d 58 (2004).

Defendant also argues that Plaintiff failed to timely reserve any purported right to reimbursement or contribution by way of a reservation of rights letter. Following discussions in which Evergreene refused any request to agree to contribution, on March 15, 2005, Mr. Tim Celmins, claims representative for MLMIC wrote a letter to Mr. Daniel Greene, President, Evergreene Properties of North Carolina, requesting that Evergreene agree to contribute fifty percent of any amount that Plaintiffs' paid to settle the claim. Mr. Celmins also advised Mr. Greene that Fireman's Fund intended to proceed against Evergreene for contribution to the settlement through legal action. Mr. Greene responded on March 22, 2005 and stated " if FFIC believes that the Plaintiff's case merits settlement, then FFIC should settle the case." However, Mr. Greene maintained that the company would not contribute to the settlement. The settlement occurred on or about April 28, 2005. The Court finds that Evergreene was put on adequate notice of Plaintiffs' reservation of rights and its intent to seek contribution.

Finally, the Court finds that genuine issues of material fact preclude the entry of summary judgment on Plaintiffs' claim for quantum meruit/unjust enrichment.

Accordingly, Defendant's motion for summary judgment, docket # 38, is denied.

IT IS SO ORDERED this 9th day of April, 2007.

                                                James M. Moody
                                                United States District Judge