**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

**FIREMAN'S FUND INSURANCE COMPANY,
MEDICAL LIABILITY MUTUAL INSURANCE COMPANY
f/k/a HEALTHCARE UNDERWRITERS MUTUAL INSURANCE
COMPANY**                                      **PLAINTIFFS**

**VS.**                                   **NO: 2:06CV000141**

**EVERGREENE PROPERTIES OF
NORTH CAROLINA, LLC**                                          **DEFENDANT**

**COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Following a bench trial on April 24, 2007, the Court makes the following findings of fact and conclusions of law.

Findings of Fact

1. Plaintiffs provided coverage to Defendant Evergreene Properties of North Carolina, LLC ("Evergreene") pursuant to policies of liability insurance which were in effect from January 15, 2000 to January 15, 2001.

2. The complaint of the Estate of Marshall Ford Fussell alleged the following injuries to Marshall Ford Fussell in the lawsuit filed against Evergreene in the Circuit Court of St. Francis County, Arkansas, no. CV 2003-96-2( the "Nursing Home Suit"):

    A. Falls occurring on each of the following dates: May 12, 2000; May 15, 2000; July 1, 2000; September 26, 2000; October 24, 2000; November 20, 2000 at 3:30 a.m.; November 20, 2000 at 5:40 p.m.; November 21, 2000; January 26, 2001; February 12, 2001; February 15, 2001; May 12, 2001; July 2, 2001; July 5, 2001; July 8, 2001 July 18, 2001 and September 20, 2001.

    B. Four days of severe and excruciating pain from July 12 to July 16, 2001 due to the

facility's failure to timely notify Mr. Fussell's treating physician of complaints of pain by Mr. Fussell.

  C. Pneunomia and urosepsis for which Mr. Fussell was hospitalized on October 19, 2001, and died on October 20, 2001.

3. The testimony of Dr. Absalom Tilley, the designated medical expert for the Estate of Fussell in the Nursing Home Suit, both in his deposition given in the Nursing Home Suit and at the trial of this matter coupled with the relevant entries of the Crestpark Facility Chart, demonstrate that the dates of falls alleged in the complaint are correct except for the following:

  A. There is no evidence that any fall occurred on July 18, 2001; and

  B. There was also a fall experienced by Mr. Fussell on May 11, 2000.

4. As a result of one of the falls which Mr. Fussell suffered in July 2001, Mr. Fussell fractured his hip.

5. According to Dr. Tilley's deposition testimony in the Nursing Home Suit and his testimony at the trial of this matter, the Crestpark facility was negligent in failing to adequately respond to complaints of pain registered by Mr. Fussell on July 12, in his left groin. As later revealed by X-ray, Mr. Fussell had experienced a broken hip and the facility did not notify Mr. Fussell's treating physician until July 16, at which time Mr. Fussell was diagnosed with a broken hip and sent to the ER.

6. According to Dr. Tilley's deposition testimony in the Nursing Home Suit and his testimony at the trial of this matter, while one or two or three falls by Mr. Fussell did not necessarily indicate negligence on the part of the facility, Mr. Fussell's continuing to experience falls beyond one or two or three falls indicates a failure of the Crestpark facility to implement and execute a proper care plan for Mr. Fussell to prevent recurrent falls, which constituted a breach of the standard of care.

7. Therefore, according to the allegations of the Nursing Home Suit Complaint, the testimony

of Dr. Tilley and the relevant entries of the Crestpark Facility Chart, nine falls occurred during Plaintiff's coverage period of January 15, 2000 to January 15, 2001 and eight falls occurred during the period of January 15, 2001 to October 20, 2001.

8. The evidence indicates that the most severe fall experienced by Mr. Fussell occurred in July 2001, resulting in Mr. Fussell's broken hip.

9. Dr. Tilley testified that the first one to three falls experienced by Mr. Fussell did not necessarily indicate negligence on the part of the facility.

10. According to Dr. Tilley's deposition testimony in the Nursing Home Suit and his testimony at the trial of this matter, the Crestpark facility failed to properly respond to symptoms of pneumonia which Mr. Fussell first began exhibiting on October 17, 2001. However, the facility did not send Mr. Fussell to the ER until October 19, 2001. Dr. Tilley's opinion was that this failure to timely respond to a change in Mr. Fussell's condition resulted in a decreased chance of Mr. Fussell's surviving the pneumonia which in Dr. Tilley's opinion resulted in Mr. Fussell's death on October 20, 2001.

11. Dr. Tilley also opined that the repeated falls experienced by Mr. Fussell resulted in the decline of his overall condition which in turn contributed to this death on October 20, 2001.

12. Marshall Fussell died on October 20, 2001.

13. The Nursing Home Suit was settled in the amount of $400,000, with Plaintiffs fully funding said settlement, and as a result, the claim brought by the Estate of Fussell against Evergreene was dismissed with prejudice.

Conclusions of Law

1. Plaintiffs are liable for the amount of the settlement attributable to injuries suffered by Mr. Fussell from January 15, 2000 to January 15, 2001, and Defendant is liable for the amount of the

settlement attributable to injuries suffered by Mr. Fussell from January 15, 2001 to October 20, 2001. *MedMarc Cas. Ins. Co. v. Forest Healthcare*, 359 Ark. 495,199 S.W.3d 58 (2004).

    2. As a result of the timing and relative severity of the injuries alleged by the Estate of Fussell set forth above, the Court finds that the total settlement in this matter was reasonable, and an equitable allocation of the settlement requires Evergreene to pay 10% of the settlement, with Plaintiffs bearing responsibility for 90%

    3. Therefore, it hereby ordered, adjudged, and decreed that Evergreene shall pay to Plaintiffs the amount of $40,000.00, said amount representing the amount of the settlement which in equity ought to be borne by Evergreene instead of Plaintiffs.

    IT IS SO ORDERED this 30th day of November, 2007.

                                                              James M. Moody
                                                              United States District Judge